GLADNEY, Judge.
This action is brought by Lonnie L. Cupples and his wife for damages sustained in an automobile accident which occurred on a four-lane traffic artery, U. S. Highway No. 80, just west of Minden, Louisiana, about 10:00 o’clock A.M. on November 4, 1955. A companion suit, Evans v. Carmichael, La.App., 92 So.2d 777, arises from the same accident. The suits were consolidated for trial, which was had on June 11, 1956, and judgment rendered November 9, 1956, in the instant suit, awarding damages against Carmichael and his insurer in favor of Lonnie L. Cupples in the amount of $920.62, and in favor of Mrs. Cupples in the sum of $7,-500. The defendants have appealed from the judgment and plaintiffs have answered the appeal, asking that the award to Mrs. Cupples be increased.
Mrs. Cupples was driving a 1955 Dodge east on the inside or north lane of the two eastbound lanes when her car was struck headon by a 1950 Ford driven by Lester W. Burns. The Burns vehicle allegedly was propelled into Mrs. Cupples’ lane of traffic as a result of being struck in the rear by a 1949 Ford driven by Earl Martin Carmichael. The Carmichael car was hit in the rear by a Studebaker car operated by William C. McDaniel. Originally named as defendants were Carmichael, his insurer, the Manufacturers Casualty Company, and Burns and his insurer, the Phoenix Indemnity Insurance Company. The latter assurer was dismissed from the suit upon a showing that at the time of the accident Burns’ policy had been canceled. Plaintiffs, on October 4, 1956, dismissed as of non-suit their claims against the defendant, Burns.
At the time of the accident it was dry and visibility was good. Mrs. Cupples was returning from Shreveport to her home in Minden, accompanied by her two sisters, Martel Evans and Mrs. Loyd Jackson, who were riding on the rear seat, together with Mrs. Jackson’s small daughter. Accompanying Mr. Burns was a passenger, Jimmie Barnes, of Minden. On the front seat of the Carmichael car were Mrs. Carmichael and her two small grandchildren. It is interesting to note that neither Martel Evans nor Mrs. Jackson observed the occurrence of the accident. This is true also as to Mrs. Carmichael. It so happened that these persons were not observing the highway just prior to the accident and Mrs. Carmichael was rendered unconscious at the time of the collision. Of further interest is the fact that apparently no attempt was made to obtain the testimony of Jimmie Barnes or that of McDaniel. The only eyewitnesses, therefore, who gave testimony were Mrs. Cupples, Burns and Carmichael. In passing it may also be observed that two state troopers who investigated the accident immediately after it occurred failed to note most of the important details of information which would be of assistance in determining responsibility for the collision. We may also remark that much of the testimony given by Mrs. Cupples was so conflicting and at variance with her pleadings that we find it most difficult to accord credibility to her testimony.
Mrs. Cupples testified that the Burns car was either moving very slowly or was stopped in the inside or center lane for westbound traffic and that while in this position it was struck in the rear by Carmichael’s automobile. She said that the driver, Burns, was signalling with his hand out and when she realized the Carmichael automobile would strike the Burns car, she applied her brakes. The effect of this testimony was to impeach certain allegations of her petition which allegations were:
“Petitioners allege that the said Lester Burns attempted to make a left *776 hand turn as the said Earl Carmichael attempted to pass the Burns vehicle and that the vehicle of the said Earl Carmichael struck the Burns’ vehicle and knocked said vehicle into the path of your petitioner’s automobile, suddenly and without warning, causing the damage hereinafter set forth. |
“Petitioners allege that this accident was caused by the joint negligence of both Earl Martin Carmichael and the said Lester Burns, which joint negligence solely and proximately caused said accident ají * * ”
Following the last quotation plaintiff specified the charges of negligence against the two named defendant drivers and alleged, inter alia, that Burns was negligent in that he:
“ * * * attempted to make left turn in path of approaching and overtaking vehicles when he could not do so with safety to himself and other users of the highway * * * and attempted left hand turn with no signal.”
The inconsistency of Mrs. Cupples’ position is clearly shown in the following testimony given by her:
“Q. Now, you stated as you approached the scene of the accident you saw the Burns vehicle stopped? A. Definitely.
“Q. With his arm stretched out? A. Stretched out for a left turn.
“Q. And when did you see the Carmichael vehicle ? A. As I glanced up it was coming behind, directly behind Burns’ car.
“Q. And then what happened, Mrs. Cupples ? A. I applied my brakes and that is the last I remember.”
On cross examination when reminded of the allegations contained in the petition, she gave the following testimony:
“Q. Mrs. Cupples, on April 9th, when you signed that affidavit in 1956, wasn’t that the true version of the accident that you gave your attorney? A. It was.
“Q. It was the true version of the accident. Nothing in there is revealed about Burns being stopped holding out his left hand, is it? A. No.”
Burns, called upon cross examination, testified that just before being struck by Carmichael he had stopped his Ford in the left of the two westbound traffic lanes with his arm extended as a signal that he intended to cross the highway for the purpose of entering a filling station. He testified on one occasion that he remained stopped for about a minute. In another place he says it was two minutes. He said as to the position of his car that his front wheels had not been turned when his vehicle was struck in the rear.
Carmichael testified that he was driving west in the inside or south lane at a speed of 30 to 35 miles per hour, gradually overtaking the Burns car, which was in the ouside lane, and that as he was preparing to sound his horn and pass the Burns car, the latter abruptly and without signalling, turned to the left across his path of traffic, whereupon he applied his brakes and swerved to the right, striking the rear of the Burns automobile with his left front fender and bumper. Almost immediately, he stated, his car was struck from the rear by the Studebaker and his vehicle was again thrown into the Burns automobile.
As noted above, the testimony of Martel Evans, Mrs. Jackson and Mrs. Carmichael is of no consequence since these witnesses failed to see any of the events leading up to the collision. The testimony as to the physical evidence at the scene of the accident is scant and is of no particular value. Photographs do show clearly the extent of damages inflicted upon the four cars.
After reviewing as carefully as we can the testimony of Mrs. Cupples and Burns, *777 we are forced to the conclusion that plaintiffs have not established their case by a preponderance of the evidence. If we eliminate the testimony of Mrs. Cupples, the testimony of Burns is offset by the testimony of Carmichael. In plaintiffs’ petition plaintiffs allege that Lester Burns was charged with being negligent in that “he attempted to make a left turn in the path of approaching and overtaking vehicles when he could not do so with safety to himself and other users of the highway * * * attempting left hand turn with no signal.” In view of the dismissal of plaintiffs’ claims against Burns on October 4, 1956, after the trial of the suit, and prior to judgment, we are impelled to consider the testimony of Burns with caution. In view of the inconsistencies between the pleadings and the testimony of the only witnesses in a position to support the claim of plaintiffs against the defendant, we have concluded that plaintiffs have failed to make out their case by a preponderance of the evidence.
For the foregoing reasons, the judgment from which appealed is annulled and reversed and plaintiffs’ demands against defendants are rejected at their cost.